## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| **KENNETH ALLEN HORSLEY,** individually and on behalf of all others similarly situated, | Case No. |
| *Plaintiff,* | **CLASS ACTION COMPLAINT** **DEMAND FOR JURY TRIAL** |
| *v.* | |
| **LENDINGPOINT LLC**, a Delaware company, | |
| *Defendant,* | |

## CLASS ACTION COMPLAINT

Plaintiff Kenneth Allen Horsley ("Plaintiff Horsley" or "Horsley") brings this Class Action Complaint and Demand for Jury Trial against Defendant LendingPoint LLC, ("Defendant" or "LendingPoint") to stop the Defendant from violating the Telephone Consumer Protection Act by making pre-recorded calls to consumers without consent. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Horsley, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## PARTIES

1.      Plaintiff Kenneth Allen Horsley is a resident of Carrollton, Georgia.

2.     Defendant LendingPoint is a Delaware limited liability company with its principal place of business in Kennesaw, Georgia.   Defendant LendingPoint conducts business throughout this District, Georgia, and the U.S.

## JURISDICTION AND VENUE

3.     This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4.     This Court has personal jurisdiction over the Defendant because the Defendant resides and conducts business in this District, and the Defendant's actions were directed towards the Plaintiff who resides in this District.

5.     Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant resides in this District and because the wrongful conduct giving rise to this case was directed by the Defendant from and into this District.

## INTRODUCTION

6.     As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress

have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

7.  When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

8.  By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

9.  The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

10.  Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

11.  According to online robocall tracking service "YouMail," 4.1 billion robocalls were placed in November 2021 alone, at a rate of 137.4 million calls per day. www.robocallindex.com (last visited December 20, 2021).

12.  The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

13.     "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

14.     "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

15.     Defendant LendingPoint is a financial technology platform which offers personal loans and other lending options to consumers.[3]

16.     Defendant LendingPoint hires Loan Specialists to place outbound calls to potential customers to solicit their products and services.[4]

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls

[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf

[3] https://www.linkedin.com/company/lendingpoint/about/

[4] https://recruiting.ultipro.com/LEN1003LNDP/JobBoard/89cd4514-2b48-471d-b3a7-376fc03c48da/OpportunityDetail?opportunityId=43020565-e49b-4106-a537-00288285912c

17.    Defendant LendingPoint uses pre-recorded voice message calls, to solicit its products and services to consumers despite having never obtained the necessary consent required to place such calls to those consumers.

18.    For example, in Plaintiff Horsley's case, the Defendant placed a pre-recorded call to Horsley's cell phone number despite the fact that Horsley never consented to receive such call from the Defendant.

19.    There are numerous complaints posted online about unsolicited calls that consumers received from or on behalf of Defendant LendingPoint, including pre-recorded voice message calls, including but not limited to:

- "Lending Point, trying to sell you to agree to a high-interest loan." [5]

- "Lending Point, few calls per day. Questionable loan practices, borderline with financial scam. All numbers they call from are blocked by app I installed. Sometimes leave messages with made up names to look like they've misdialed. Feel free to block the number or screw around with them if feeling bored." [6]

- "the financial company looking to sell me a loan." [7]

- "spam unwanted call" [8]

- "Calls 10+ times a day… Super annoying." [9]

---

[5] https://800notes.com/Phone.aspx/1-713-936-6931
[6] *Id.*
[7] https://www.shouldianswer.com/phone-number/7139366931
[8] *Id.*
[9] https://us.shouldianswer.net/phone-number/4153655091

- "lendingpoint I've been approved for a loan spam spam spam spam" [10]

- "Robocall robocall" [11]

- "LendingPoint calls several times a day, 3 or more, everyday. Each time they call, I request to be put on the do not call list. They have not done so, and the representative usually hangs up in my face. This has been going on for over four weeks now." [12]

- "Every day I am receiving up to 7 calls a day from spoofed local numbers with a robo call stating congratulations on my loan press 1 to be connect or simply call back on direct line. The numbers when called back are not working numbers. When i press 1, I am connected to someone who just says thanks for calling LendingPoint is this ******. When I tell them i have never applied for a loan, nor want anything to do with LendingPoint's scam and to stop calling they simply hang up. Each time the caller ID shows a different local number and I'm tired of the unsolicited calls." [13]

- "Lending Point calls my home in violation of Missouri and federal no call lists. They use a recording in violation of the CANSPAM act. Lending Point has repeatedly called my home in violation of Missouri and federal no call lists. They use a recording in violation of the CANSPAM act and refuse to add me to their own no call list which also violates the CANSPAM act. I called their corporate phone today and get no answer and cannot even leave a message" [14]

## PLAINTIFF HORSLEY'S ALLEGATIONS

20.     Plaintiff Horsley is the subscriber and sole user of the cell phone number 678-326-xxxx.

---

[10] https://www.shouldianswer.com/phone-number/3126678850
[11] *Id.*
[12] https://www.bbb.org/us/ga/kennesaw/profile/loans/lendingpoint-llc-0443-27512115/complaints
[13] *Id.*
[14] *Id.*

21.     Plaintiff Horsley has been receiving a series of calls from Defendant LendingPoint using multiple phone numbers, most of which were spoofed numbers which Plaintiff was not able to call back.

22.     Plaintiff Horsley has answered multiple such calls, spoken to several of the Defendant's employees and requested that the Defendant stop calling his cell phone, despite which he continues to receive calls from Defendant LendingPoint, including calls using pre-recorded voicemails.

23.     On December 17, 2021, at 2:28 PM, Plaintiff received an unsolicited call from Defendant LendingPoint from the phone number 219-259-3343 which he answered. The call started with a pre-recorded voice message which prompted him to press '1' to speak with a live agent. On pressing '1', he was transferred to a live agent who identified the company as LendingPoint and claimed that a $10,000 loan had been pre-approved for the Plaintiff.



24.     Plaintiff Horsley was not looking for a personal loan from the Defendant and did not give consent to Defendant or its agents to call his cell phone.

25.     The unauthorized solicitation telephone call that Plaintiff received from or on behalf of Defendant has harmed Plaintiff Horsley in the form of annoyance, nuisance, and invasion of privacy, occupied his phone line, and disturbed the use and enjoyment of his phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

26.     Seeking redress for these injuries, Plaintiff Horsley, on behalf of himself and a Class of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

27.     Plaintiff Horsley brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> **<u>Pre-recorded No Consent Class</u>:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant LendingPoint called (2) using an artificial or pre-recorded voice (3) on their cellular telephone number.

28.     The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons

who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Horsley anticipates the need to amend the Class definition following appropriate discovery.

29. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class.

30. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether Defendant LendingPoint or its agents placed pre-recorded voice message calls to Plaintiff Horsley and members of the Pre-recorded No Consent Class;

(b) whether Defendant LendingPoint or its agents placed such calls to Plaintiff Horsley and members of the Pre-recorded No Consent Class without first obtaining consent to make those calls;

(c) whether Defendant's conduct constitutes a violation of the TCPA;

(d)   whether Class members are entitled to an injunction against Defendant preventing it from making unsolicited prerecorded calls; and

(e)   whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

31.   **Adequate Representation**: Plaintiff Horsley will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Horsley has no interests antagonistic to those of the Class, and the Defendant has no defenses unique to Plaintiff. Plaintiff Horsley and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Horsley nor his counsel have any interest adverse to the Class.

32.   **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff Horsley. Additionally, the damages suffered by individual members of the Class will likely be small relative to

the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Horsley and the Pre-recorded No Consent Class)**

33.    Plaintiff repeats and realleges paragraphs 1 through 32 of this Complaint and incorporates them by reference herein.

34.    Defendant LendingPoint and/or its agents transmitted unwanted telephone calls to Plaintiff Horsley and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

35.    These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff Horsley and the other members of the Pre-recorded No Consent Class.

36.    The Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff Horsley and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a)   An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing his attorneys as Class Counsel;

b)   An award of actual and/or statutory damages and costs;

c)   An order declaring that Defendant's actions, as set out above, violate the TCPA;

d)   An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e)   Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Horsley requests a jury trial.

> **KENNETH ALLEN HORSLEY**,
> individually and on behalf of all others
> similarly situated,

DATED this 18th day of January, 2022.

> By: /s/ *Tristan W. Gillespie*
> Tristan W. Gillespie
> 5150 College Farm Rd.

John's Creek, GA 30022
Georgia bar# 268064
404-276-7277
gillespie.tristan@gmail.com


Avi R. Kaufman (FL Bar No. 84382)
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Class*